FILED '09 JUL 31 13:59 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CLIFFORD CHEW, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 07-01330-AA |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| GUY HALL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401
    Attorney for petitioner

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
    Attorneys for respondent

1    - OPINION AND ORDER

AIKEN, Judge:

Petitioner brings a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction for attempted murder and assault in the first degree on the grounds that his trial violated his right to conflict-free representation under the Sixth Amendment of the United States Constitution. The petition is denied and this case is dismissed.

The petition assigns error on four grounds. Petitioner's brief preserves argument on only one of those grounds: the trial court's appointment of an attorney to advise petitioner's brother (victim in the case), who had also represented petitioner. Petitioner asserts his right to conflict-free representation by counsel under the Sixth Amendment of the United States Constitution was violated.

## BACKGROUND

Petitioner was indicted on December 23, 1999, in Umatilla County, Oregon, on charges of attempted murder and assault in the first degree of his brother, Rodney Chew ("Rodney").

Before trial, petitioner's counsel moved to withdraw based on a conflict. The court granted the motion and on January 19, 2000, appointed attorney Earl Woods ("Woods") to represent petitioner. That appointment lasted only two weeks when, on

2    - OPINION AND ORDER

February 2, 2000, at petitioner's next court appearance, he was
represented by different counsel (attorney Robert Klahn).

The day before trial, Rodney filed an affidavit with the
court stating the prosecutor was trying to manipulate his
testimony and requesting an attorney. In response, the court
appointed Woods to assist Rodney. The court also held a hearing
to address petitioner's and Rodney's allegations that the
district attorney had threatened potential witnesses for the
defense. The court found no evidence of threat by the district
attorney.

At trial, the parties agreed that petitioner stabbed Rodney
after they had both been drinking and Rodney refused to give
petitioner $300. Witnesses for the prosecution offered testimony
that, immediately after the stabbing, Rodney fled to a nearby
fast food restaurant where he reported that petitioner stabbed
him and tried to kill him. The prosecution presented similar
testimony from the responding paramedic and the emergency room
doctor. The prosecution also offered into evidence a report
detailing Rodney's statements to police. The report, taken two
days after the incident while Rodney was in the hospital, stated
that Rodney accused petitioner of stabbing him. When questioned
about the report and witness testimony, Rodney responded that he
did not remember telling anyone petitioner had stabbed him, and

3   - OPINION AND ORDER

attributed any such statements to the fact that he was panicked, intoxicated, or affected by a morphine drip.

The jury found petitioner guilty on both counts. On March 3, 2000, petitioner was sentenced to 90 months for attempted murder and 120 months for assault, the sentences to be served concurrently, followed by three years of post-release supervision.

Petitioner directly appealed his conviction by filing a brief pursuant to State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991). Petitioner argued that the trial court erred in appointing Woods to advise Rodney in "disregard of [petitioner's] constitutional rights." The Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Chew, 176 Or. App. 649, 32 P.3d 974 (table) (2001), rev. den. 333 Or. 260, 39 P.3d 193 (table) (2002). Petitioner moved for post-conviction relief (PCR), alleging violation of his rights under the United States and Oregon Constitutions based on, among other errors, trial counsel's failure to move for a new trial on the basis of the court's appointment of Woods to advise Rodney. The PCR court denied relief because it found petitioner "failed to prove all allegations in [the] petition." The Oregon Court of Appeals affirmed without an opinion, and the Oregon Supreme Court again denied petitioner's request for review. Chew v. Lampert,

4    - OPINION AND ORDER

210 Or. App. 532, 152 P.3d 287 (table) (2007), <u>rev. den.</u> 343 Or.

159, 164 P.3d 1160 (table) (2007).

## DISCUSSION

Respondent argues petitioner's Sixth Amendment claim is

procedurally defaulted, lacks merit, and the state court

decisions denying relief are entitled to deference.  Because I

find petitioner's claim was not "fairly presented" to the state

courts, it is unnecessary to address respondent's other

arguments.

Respondent argues petitioner's claim is procedurally

defaulted because petitioner failed to "fairly present" his

federal claim to the Oregon Supreme Court as required by the

doctrine of exhaustion.  Habeas petitioners are required to

exhaust state remedies on all claims alleged in their § 2254

petitions unless "there is an absence of available State

corrective process" or "circumstances exist that render such

process ineffective to protect the rights of the applicant."  28

U.S.C. § 2254(b)(1);  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

The petitioner "must give the state courts an opportunity to act

on his claims before he presents those claims to a federal court

in a habeas petition."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842

(1999).  A petitioner satisfies the exhaustion requirement only

if he "fairly present[s]" the claim to the state courts, giving

those courts "the first opportunity" to consider the allegations

of error.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).  If the

petitioner fails to comply with an independent and adequate

procedural rule in the process of presenting his claim to the

state court, that claim is considered procedurally defaulted.

Coleman v. Thompson, 501 U.S. 727, 750 (1991).  A claim is also

considered defaulted if petitioner fails to present it to the

state courts at each stage, and can no longer do so.  O'Sullivan,

526 U.S. at 848.  A procedural default bars federal habeas review

unless the petitioner can demonstrate either cause for the

default and actual prejudice as a result of the alleged violation

of federal law, or that failure to consider the claim will result

in a fundamental miscarriage of justice.  Coleman, 501 U.S. at

750.

I. Presentation of the Claim to the State Courts

     To "fairly present" his federal claim to the state courts,

petitioner must "make reference to provisions of the federal

Constitution or must cite either federal or state law that

engages in a federal constitutional analysis."  Fields v.

Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).  In Fields, the

Ninth Circuit held that "mere mention of the federal Constitution

as a whole, without specifying an applicable provision, or an

underlying federal legal theory, does not suffice to exhaust the

federal claim." <u>Id.</u>  The court reached this conclusion under a
"more lenient" reading of the petition given that petitioner was
proceeding pro se.  <u>Id.</u>

In the <u>Balfour</u> brief appealing his conviction, petitioner
assigns error to the trial court's appointment of attorney Woods
to advise Rodney when Woods had previously represented petitioner
in the same proceeding.  While the factual basis for petitioner's
claim is clearly stated, petitioner cites no state or federal
law, concluding only that he is "seeking a mistrial for the
disregard of my constitutional rights."  This statement is
insufficient to alert the Oregon courts to the federal basis for
petitioner's claim.  Petitioner's failure to mention federal law
falls short of even the vague mention noted in <u>Fields</u>, and does
not constitute a fair presentation of the claim to the state
courts.  Therefore, petitioner's claim is procedurally defaulted.

In his state PCR brief, petitioner explicitly references
federal constitutional provisions by arguing the court's
appointment of Woods to advise his brother violated his right to
conflict-free representation.  However, with a few narrowly drawn
exceptions that do not apply here, <u>Palmer v. State</u> bars a
petitioner from raising issues in a PCR petition that he could
have, but failed to, preserve at trial and raise on direct
appeal.  318 Or. 352, 361, 867 P.2d 1368, 1373 (1994).  Because

7   - OPINION AND ORDER

petitioner failed to allege a violation of federal law on direct appeal when he reasonably could have done so, he was barred from raising the issue to the PCR court, and thus it cannot be considered here.

## II. Petitioner's Actual Innocence

Petitioner can overcome the bar of procedural default if he can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or by showing that failure to consider his claim would result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750. Because petitioner's claim is not based on ineffective assistance of counsel, and he does not allege any external factors preventing him from fairly presenting his claim to the state courts, I find no "cause" sufficient to overcome the state procedural bar.  See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.")  However, as petitioner alleges he is actually innocent, I will consider the merits of his miscarriage of justice claim.

A claim of actual innocence requires petitioner to "support his allegations of constitutional error with new reliable

8    - OPINION AND ORDER

evidence" not presented at trial.  <u>Schlup v. Delo</u>, 513 U.S. 298,

324 (1995).  The miscarriage of justice exception is a narrow

one; it is not enough to raise evidence a juror could have

credited as constituting reasonable doubt.  <u>See</u> <u>Bousley v. United</u>

<u>States</u>, 523 U.S. 614, 623 (1998) ("actual innocence" means

factual innocence, not mere legal insufficiency).  In order to

overcome the procedural bar, petitioner must show "it is more

likely than not that no reasonable juror would have convicted him

in light of the new evidence." <u>Schlup</u>, 513 U.S. at 327.  In

other words, petitioner must present direct exculpatory evidence

not offered at trial that meaningfully affects the way the jury

would have viewed the record as a whole.  <u>Compare</u> <u>House v. Bell</u>,

547 U.S. 518, 540-53 (2006) (DNA evidence establishing semen

samples from crime scene belonged to victim's husband and not to

petitioner and forensic evidence that petitioner's clothing

samples were contaminated during autopsy of victim were

sufficient to make an actual innocence showing under <u>Schlup</u>) <u>with</u>

<u>Calderon v. Thompson</u>, 523 U.S. 538, 562-63 (1998) (evidence

impeaching credibility of jailhouse informants who alleged

petitioner confessed to the crime in their presence was

insufficient to make actual innocence showing, in part because it

was "a step removed from evidence pertaining to the crime

itself").

After a thorough review of the record, I conclude that petitioner fails to make a showing of actual innocence. The only new evidence petitioner presents are affidavits from Rodney and from petitioner's sister and mother. These affidavits, presented to the Oregon state courts on appeal, do not directly address questions of petitioner's innocence, but rather focus on Rodney's intoxication when he made statements immediately following his stabbing, and on Rodney's belief that he was pressured by the prosecutor to "go along with" earlier statements he made in the hospital. The affidavits do not add significantly to the information presented to the jury. At trial, Rodney had the opportunity to explain to the jury why witness testimony regarding his statements the night of the stabbing was inconsistent with his description of the events of that night. Particularly in light of the trial court's specific finding of "no impermissible suggestion" by the prosecutor, I find these affidavits fail to present new evidence of petitioner's innocence such that no reasonable juror would have found him guilty. Therefore, petitioner's miscarriage of justice argument fails and his Sixth Amendment claim is procedurally defaulted.

## CONCLUSION

The petition for writ of habeas corpus (doc. 2) is denied, and this case is dismissed.

IT IS SO ORDERED.

Dated this 𝒳𝒞 day of July 2009.


_____
Ann Aiken
United States District Judge

11   - OPINION AND ORDER